## THE STATE v. McKEE et al., Appellants.

### Division Two, May 22, 1906.

**APPELLATE JURISDICTION:** Misdemeanor: Destroying Property: Construction of Statute. Where, in a prosecution for a misdemeanor, no constitutional question is involved, but the only question is as to the proper construction of a statute—in this case as to whether section 1261, Revised Statutes 1899, providing a penalty for the destruction of telephone property, applies to telephone lines owned by individuals— the appeal is to the proper Court of Appeals..

Transferred from Kansas City Court of Appeals.

REMANDED TO KANSAS CITY COURT OF APPEALS.

*C. H. Skinker* for appellants.

*Herbert S. Hadley,* Attorney-General, and *N. T. Gentry,* Assistant Attorney-General, for the State.

FOX, J.—This cause was transferred to this court by order of the Kansas City Court of Appeals, made at its October term, 1905, for the reason, as recited in the order, that this cause involves the construction of section 1261, Revised Statutes 1899, and that the Court of Appeals was without jurisdiction to hear and determine such cause.

This is a prosecution for a misdemeanor predicated upon the provisions of section 1261, Revised Statutes 1899, and was begun in the Polk County Circuit Court. The offense, omitting formal parts, was thus charged in the information of the prosecuting attorney:

"L. Cunningham, prosecuting attorney within and for the county of Polk, in the State of Missouri, informs the court under his official oath and upon the affidavit of Ben Lusk that Clark McKee and Jesse Allen, on the 20th day of January, 1904, at the said county of Polk, did then and there unlawfully and intentionally injure, molest and destroy the telephone line of the Farmers' Bolivar and Van Telephone Company, an association and partnership composed of the following joint owners, to-wit: John Higginbotham, Mart Higginbotham, Wilson Higginbotham, Ben Lusk, Wm. May, John P. Thompson, Charles W. Edison, Ira Van Burns, Wm. Woodmansee, George Woodmansee and Frank Botts, owning and controlling a telephone line erected in this State running from Bolivar to Burns and Van in said Polk county, by then and there cutting the wire of said telephone line at a point on the Bolivar and Buffalo public road in section seven, township thirty-three and range twenty-two in said Polk county, Missouri, against the peace and dignity of the State.

"And L. Cunningham, prosecuting attorney within and for the county of Polk, in the State of Missouri, further informs the court under his official oath and upon the affidavit of Ben Lusk that Clark McKee and Jesse Allen on the 20th day of January, 1904, at the said county of Polk, did then and there unlawfully and intentionally injure, molest and destroy the telephone line of the Farmers' Bolivar and Van Telephone Company, an association and partnership composed of the following joint owners, to-wit: John Higginbotham, Mart Higginbotham, Wilson Higginbotham, Ben Lusk, Wm. May, John P. Thompson, Charles W. Edison, Ira Van Burns, Wm. Woodmansee, George Woodmansee

and Frank Botts, owning and controlling a telephone line erected in this State running from Bolivar to Burns and to Van in said Polk county, by then and there cutting the wire of said telephone lin  at a point on the Bolivar and Buffalo public road in section nine, township thirty-three and range twenty-two, in said Polk county, Missouri, against the peace and dignity of the State.''

There is no necessity for detailing the facts developed at the trial. It is sufficient to say that the testimony tended to establish the offense charged in the information.

The court instructed the jury and the cause was submitted and they returned a verdict of guilty of the misdemeanor as charged in the information, assessing the punishment of each defendant separately at a fine. From the judgment upon this verdict the defendants prosecuted their appeals to the Kansas City Court of Appeals and the cause was transferred from that court to the Supreme Court, as heretofore indicated, and the record is now before us for consideration.

OPINION.

At the very threshold of the consideration of the question disclosed by the record before us, we are confronted with the proposition involving the jurisdiction of this court. This is a prosecution for a misdemeanor, and, unless the record discloses that it falls within that class of cases involving the construction of the Constitution of this State, this court is without jurisdiction, and it properly should go to the Kansas City Court of Appeals for hearing and determination.

Learned counsel for both appellants and respondent, with commendable frankness, admit the contention in this case is not that section 1261, Revised Statutes 1899, is unconstitutional, but that when properly construed it has no application to telephone lines owned

by individuals. In other words, there is no constitutional question presented, nor does it require a construction of the Constitution, but the vital question involved in this proceeding is whether or not telephone lines owned by individuals are embraced within the provisions of the section and the penalties prescribed applicable to persons for cutting or injuring such lines. The question presented in this case simply involves the construction of a section of the statute and not the construction of the Constitution of this State. The correctness of this conclusion is emphasized by the recitation in the order by the Court of Appeals of its reason for the transfer of this cause to this court, which was that "this cause involved the construction of section 1261, Revised Statutes 1899."

Under the Constitution and laws of this State the Court of Appeals possesses equal jurisdiction with this court in the construction of statutes, and in this case the Kansas City Court of Appeals has full power and jurisdiction to determine what class of persons or what character of telephone lines are embraced in section 1261, to which the penalties for cutting or destroying such lines may be applied for a violation of the provisions of the section.

With these views it follows that the order transferring this cause to this court was inadvertently made and the cause should be remanded to the Kansas City Court of Appeals for hearing and determination, and it is so ordered.

All concur.