## THE STATE v. ISAAC T. COOK, Appellant.

**Division Two, March 9, 1909.**

1. **APPELLATE JURISDICTION: Misdemeanor.** Where the offense of which the defendant was convicted is a misdemeanor, the Supreme Court does not have jurisdiction over his appeal, unless a constitutional question was properly raised in the trial court.

2. ————: ————: **Constitutional Question.** A constitutional question is not so raised as to give the Supreme Court jurisdiction over the appeal in a misdemeanor case by an assignment in the motion for a new trial that the statute under which appellant was convicted "is unconstitutional and void." Such an assignment does not point out what part of the Constitution the statute is in violation of, or in what respect it is unconstitutional, and is insufficient to raise a constitutional question.

Appeal from St. Louis Court of Criminal Correction.— *Hon. Wilson A. Taylor,* Judge.

Transferred to St. Louis Court of Appeals.

*T. J. Rowe, Thos. J. Rowe, Jr.,* and *Henry Rowe* for appellant.

*Herbert S. Hadley,* Attorney-General, and *Frank Blake,* Assistant Attorney-General, for the State.

A constitutional question cannot be raised by a general statement that an act is void and unconstitutional. The specific clause in the Federal or State Constitution which the law impinges must be set out, in order to invest the Supreme Court with jurisdiction. Shaw v. Goldman, 183 Mo. 461; Ash v. Independence, 169 Mo. 77; State v. Brockmiller, 107 Mo. App. 599; St. Joe v. Ins. Co., 183 Mo. 1; State v. Cobb, 113 Mo. App. 156; Excelsior Springs to use v. Ettenson, 188 Mo. 129; State v. Gamma, 215 Mo. 100. This court has no jurisdiction of the case at bar, because defendant has not properly raised a constitutional question in the case.

FOX, J.—This cause is brought to this court by appeal on the part of the defendant from a judgment of conviction in the St. Louis Court of Criminal Correction. .

Upon March 6, 1908, the assisting prosecuting attorney of the St. Louis Court of Criminal Correction filed an information in said court against defendant, charging him with failing to provide fire escapes upon the Chemical Building, a building more than three stories high, of which he was charged to be the manager. The defendant was duly arraigned and entered his plea of not guilty, and the case came on for trial on April the 11th, 1908, before the court sitting as a jury.

With the view we entertain of this case, it is unnecessary to set out in detail the testimony developed upon the trial. At the very threshold of the consideration of this cause, we are confronted with the

proposition as to whether or not this court has jurisdiction of this case.

This prosecution is predicated upon the provisions of the amended Laws of 1903 enacted by the General Assembly of 1903. [See Laws 1903, p. 251.] The amended Laws of 1903 impose certain duties upon the owner, proprietor, lessee or keeper of all buildings of a certain height, requiring a certain character of fire escapes to be attached to such buildings. The Laws of 1901, page 220, enacted by the General Assembly of this State, provided for the penalties to be imposed upon the owner, proprietor, lessee or manager of a building, which, under the terms of the act, was required to have one or more fire escapes, who neglected or refused for a period of sixty days after the law went into force to comply with its provisions, and made such failure a misdemeanor and designated the punishment at a fine not less than fifty dollars or more than two hundred dollars, or by imprisonment in a county or city jail for not more than three months, or by both such fine and imprisonment.

As before stated, this cause was submitted to the court without the aid of a jury, and at the close of the testimony the court found the defendant guilty and assessed the punishment of the defendant at a fine of fifty dollars. A timely motion for a new trial was filed and by the court overruled. Judgment was rendered in accordance with the finding of the court, and from that judgment an appeal was prosecuted to this court.

Manifestly the offense of which the defendant was convicted, as heretofore indicated, was a misdemeanor, and unless there was a constitutional question properly raised in the trial court this court has no jurisdiction to dispose of this case.

An examination of the record before us fails to disclose that any constitutional question was presented to the trial court for its determination during the

progress of the trial, nor was there any such ques-
tion presented by the instructions requested by the de-
fendant and refused or given by the court. The only
portion of the record which discloses that the de-
fendant sought to raise a constitutional question is
in the motion for a new trial, and the question is
presented in this language:

"Now comes defendant and moves the court to
grant him a new trial for the reasons following:

"First.  The statute law upon which defendant
was convicted, namely, the Act approved March 24,
1903, Laws 1903, page 251, is unconstitutional and
void.

"Second.  The Act of March 27, 1901, Laws of
1901, page 219, is unconstitutional and void."

It has uniformly been held by this court that the
allegations as contained in the motion for new trial
in this cause, by which it was sought to present to
the court a constitutional question, were insufficient
to properly present such question, and did not confer
jurisdiction by appeal upon this court.

In Ash v. Independence, 169 Mo. l. c. 79, it was
expressly ruled by this court that a general claim in
the trial court that a law or ordinance was uncon-
stitutional, without pointing out the precise provision
of the Constitution which it offended against, was not
a proper or sufficient way to raise a constitutional
question, so as to give this court jurisdiction of the
appeal. The rule as announced in that case was un-
qualifiedly approved in the case of St. Joseph v.
Metropolitan Life Ins. Co., 183 Mo. 1. To the same
effect is the case of Excelsior Springs to use v. Etten-
son, 188 Mo. 129.

In Hulett v. Railroad, 145 Mo. 35, the following
instruction was requested:

"To hold the defendant liable in this case would
violate its rights guaranteed by the Constitution of the
State of Missouri and of the United States, and would

deprive the defendant of its property and rights without due process of law."

This instruction was held insufficient to properly raise a constitutional question so as to give this court jurisdiction. Judge SHERWOOD, speaking for this court, in commenting upon that instruction, used this language: "As to the generalities contained in the instruction mentioned relative to the Constitution of this State and of the United States, it suffices to say that neither the court below nor this court has any call to search through the respective organic laws of the State or Union in order to find out in what particular either of them may have been supposed to be violated."

In Kirkwood v. Meramec Highlands Company, 160 Mo. 111, the plea was that a certain act of the General Assembly "is unconstitutional, null and void, and is no law of the State of Missouri binding upon the plaintiff." That plea was held insufficient to raise a constitutional question.

This subject was exhaustively reviewed by Judge BURGESS in the recent case of State v. Gamma, 215 Mo. 100, and the same conclusion was reached in that case as in the prior cases herein indicated.

If these cases are to be followed, and we see no valid legal reason for departing from them, we see no escape from the conclusion that this court has no jurisdiction of this cause.

The grounds assigned in the motion for new trial simply state that the acts of the General Assembly, upon which this prosecution is predicated, are unconstitutional and void. There is no indication as to what provision of the Constitution was offended against. While it is true that learned counsel for appellant in his presentation of this case in the court insists that the acts of the General Assembly of 1901 and 1903 are *ex post facto* laws, and therefore void, the argument of counsel is not a part of the record, nor can this

court give it a place in the motion for a new trial, hence we would not be warranted in considering this indication in the argument as adding anything to the assignments made in the motion for new trial. This case upon the disclosures of the record before us is properly within the jurisdiction of the St. Louis Court of Appeals.

Learned counsel for appellant very ably presents the questions involved in this record. It is carefully pointed out that the duty of providing fire escapes in hotels, boarding or lodging houses, and other buildings of great height is imposed under the amended laws of 1903, upon the owners, proprietors, lessees or keepers of the houses designated. Attention is then earnestly directed to the provisions of the laws of 1901, which impose penalties for a failure to perform the duties provided in the amended laws of 1903. The penalties seem to be directed against the owner, proprietor, lessee or manager. Therefore, it is apparent that the question is sharply presented as to whether or not the defendant in this cause, who is charged as manager of the building, is subject to the penalty imposed under the provisions of the laws of 1901 for a failure to perform the duty which is imposed by the amended laws of 1903 upon owners, proprietors, lessees or keepers of certain buildings.

We shall not discuss this question, as we have herein indicated that this court is without jurisdiction. It is one that the St. Louis Court of Appeals can as readily and as satisfactorily dispose of as this court. In fact, as heretofore stated, it is the only court, upon the record presented, which possesses jurisdiction to determine that question.

Entertaining the views as herein indicated, it results in the conclusion that this cause should be transferred to the St. Louis Court of Appeals for final determination, and it is so ordered.

All concur.