## THE STATE, Appellant, v. JOHN MEYER.

### Division Two, December 20, 1912.

1. **APPEAL: Jurisdiction: Consent.** If the appeal is to the Supreme Court it cannot by a motion filed by each side be transferred to a court of appeals. Jurisdiction cannot be conferred by consent.

2. ———: ———: **Misdemeanor: Information Quashed: Appeal by State.** Under the Constitution of 1875 and the amendment thereto of 1884, an appeal by the State from an order quashing an information charging the crime of disturbing the peace or any other misdemeanor is to the proper court of appeals. Those constitutional provisions, as to misdemeanors, supplanted the statute of 1855 (Sec. 5305, R. S. 1909) specifically providing for an appeal by the State to the Supreme Court in all cases where an indictment or information is quashed.

Appeal from Montgomery Circuit Court.—*Hon. J. D. Barnett,* Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*H. C. Black* for appellant.

*S. S. Nowlin* for respondent.

BROWN, P. J.—Defendant was charged by information with the crime of disturbing the peace of an individual. From a judgment of the circuit court of Montgomery county quashing the information, the State appeals.

No constitutional question was lodged in the case in any manner. The affidavit for appeal is in the usual form, except that it concludes with a prayer that plaintiff be granted an appeal to the Supreme Court.

Since the filing of the transcript in this court the defendant and the prosecuting attorney of Montgomery county have each filed motions praying that the appeal be transferred to the St. Louis Court of Appeals.

If the appeal was properly granted to this court, then it must remain here for final determination. Jurisdiction cannot be conferred upon our courts of appeals by consent of the parties. [State ex rel. v. Nixon et al., 232 Mo. 496.]

It is manifest that this appeal was granted to this court pursuant to Sec. 5305, R. S. 1909, which specifically provides for an appeal by the State to the Supreme Court in all cases where an indictment or information is quashed.

Upon examination, we find that said Sec. 5305, R. S. 1909, was enacted in substantially its present form prior to the year 1855. [Sec. 14, Ch. 127, p. 1204, R. S. 1855]. This was at least twenty years before any of our courts of appeals were created, and a still longer period before the St. Louis Court of Appeals was given jurisdiction of appeals from Montgomery county.

In 1875 the St. Louis Court of Appeals was created. [Sec. 12, Art. 6, Constitution of 1875; R. S. 1909, p. 88.]

By said Constitution of 1875 and the amendment thereto of 1884 (R. S. 1909, p. 101), said courts of appeals were given jurisdiction to hear and determine all appeals in misdemeanor cases from the circuit

courts of their respective districts. [State v. Ramsey, 110 Mo. 212; State v. Zinn, 141 Mo. 329; State v. McKee, 196 Mo. 106; State v. Cook, 217 Mo. 326.]

It follows that the constitutional provisions last above named have modified the provisions of Sec. 5305, R. S. 1909 (originally enacted prior to 1875), so as to vest in the courts of appeals jurisdiction to hear and determine appeals by the State from judgments quashing informations and indictments, in all cases where the crime charged is only a misdemeanor.

It is therefore ordered that this case be transferred to the St. Louis Court of Appeals.

*Ferriss* and *Kennish, JJ.,* concur.