# EX PARTE DON NEWLAND, Petitioner.

### In Banc, December 30, 1924.

**BAIL: After Conviction: Pending Appeal: Denial: Habeas Corpus.**
 Where the defendant was convicted of a felony and sentenced to imprisonment in the penitentiary for a term of two years, and was

granted an appeal and allowed to prosecute his appeal as a poor person, the trial court should also sustain his application to fix the amount of his appeal bond; and if such application is refused and he is transmitted to the penitentiary, this court, upon his application for a writ of *habeas corpus* directed to the warden, will order that he be let to bail during his appeal upon a recognizance to be approved by this court. The trial court has no discretion in such case to grant or refuse a supersedeas bond, but a defendant, having been convicted of a crime and his punishment fixed at less than death or life imprisonment, is entitled, by giving a satisfactory appeal bond, in the terms of the statute, to his liberty during the pendency of his appeal.

Citation to Headnote 1: **Habeas Corpus**, 29 C. J. par. 84.

## Habeas Corpus.

WRIT AWARDED.

*David W. Peters* for petitioner.

*Jesse W. Barrett,* Attorney-General, and *Wm. L. Vandeventer,* Assistant Attorney-General, for John S. Crawford, Warden of Penitentiary.

GRAVES, C. J.—This is really an application *via habeas corpus* to fix an appeal bond. The facts are not seriously in dispute. Petitioner was charged with attempted burglary in the second degree, and of such offense was, by the Circuit Court of Jackson County, found guilty, and sentenced to two years imprisonment in the penitentiary. The charge in the petition for our writ, which stands undenied, reads:

"Your petitioner says that said imprisonment is illegal in this, to-wit: That after his conviction by the jury aforesaid, at the same term of the court and within the statutory time, he filed his motions for a new trial and in arrest of judgment; that said motions were by the court overruled, and sentence passed upon him as hereinbefore set out; that he duly filed his affidavit for

appeal from the verdict and judgment of said Circuit Court of Jackson County, and the same was allowed by said court to the Supreme Court of Missouri; that he was allowed until on or before the last day of the November term, 1924, in which to file his bill of exceptions; that he was further allowed to prosecute his appeal as a poor person; that although application was duly made by your petitioner to the Circuit Court of Jackson County, to fix the amount of his appeal bond, the judge of said Circuit Court of Jackson County, failed and refused to either grant the motion in arrest of judgment, or to fix any appeal bond, and directed that your petitioner be transmitted to the penitentiary of this State; your petitioner further represents that he is now able and willing to give such appeal bond in such reasonable amount as this court may deem just and proper.''

The trial court evidently proceeded upon the theory that it was within the discretion of the trial court to grant or refuse a supersedeas.

This man was convicted and given two years. A good and sufficient bond for $2000 should suffice. There are no special circumstances calling for anything out of the ordinary. The second paragraph in Ex parte Frank Carey, *ante,* page 287, fully covers the law of this case, and the law of the State. Bond is fixed at the sum of $2000, the qualifications of the sureties to be passed upon by the trial judge, who shall certify the result of his investigation to this court, the bond to be ultimately approved by this court. All concur, except *Walker, J.,* absent.