THE STATE ex rel. RUBY M. HULEN, Prosecuting Attorney of Boone County, v. FRANK H. TRIMBLE et al., Judges of Kansas City Court of Appeals.

In Banc, August 25, 1925.

1. **BAIL: Upon Appeal after Conviction.** Any defendant in a criminal cause, except in cases in which the sentence of death or imprisonment for life is imposed, is entitled, as a matter of right, to bail pending his appeal from a judgment of conviction.

2. ————: **Power of Court of Appeals to Grant: Upon Conviction of Misdemeanor.** Upon a conviction of a defendant of a misdemeanor and his appeal, the proper court of appeals. or a judge thereof,

State ex rel. Hulen v. Trimble.

or the court in which the judgment was rendered, or the judge of such court upon inspection of the record, has power, under Sections 4088 to 4091, Revised Statutes 1919, to admit such convicted defendant to bail pending his appeal. The fact that said statutes mention only the Supreme Court and the court in which the judgment was rendered, and does not expressly mention the courts of appeals, does not alter the fact that the proper court of appeals is by them vested with such power, since they were enacted long before the courts of appeals were created, and by the Constitution of 1875 and the amendment of 1884 the jurisdiction of misdemeanor cases theretofore vested in the Supreme Court was, with certain exceptions, transferred to the courts of appeals.

3. ———: ———: With and Without Writ of Habeas Corpus. Where the defendant has been convicted of a misdemeanor and has taken an appeal, and thereby the trial court has lost jurisdiction of the case for all purposes except to admit him to bail pending his appeal or to stay execution, and the trial court has denied his right to bail, the power to let him to bail passes to the proper court of appeals as a necessary incident of its appellate jurisdiction; if the appeal has been fully perfected, by the filing of a proper transcript of the record in the court of appeals, it can admit him to bail upon a mere application therefor; nor is a writ of *habeas corpus* necessary, although no such transcript has been filed, if his petition for bail fully informs the court of its appellate jurisdiction and gives it all the information required as the basis for a writ of *habeas corpus* except that it is not labeled a petition for such writ and is not sworn to as required by Section 1877; otherwise, if the case has not reached the court of appeals and it is not advised by other proceedings before it that it has appellate jurisdiction of the case, *habeas corpus* is the appropriate proceeding by which the question of appellant's right to bail may be brought before the court.

4. ———: ———: Approval of Securities by Clerk: Certiorari. Whether a court of appeals, which has jurisdiction to admit an appellant to bail, has authority to intrust to the clerk of the trial court approval of the securities on the proffered bond, cannot be determined upon *certiorari* to such court of appeals, since such question does not go to its jurisdiction, but only to the manner in which such jurisdiction is exercised, and if erroneously exercised *certiorari* is not the proper method of review.

Corpus Juris-Cyc. References: Bail, 6 C. J., Section 187, p. 969, n. 62; Section 197, p. 973, n. 14, 16; Section 212, p. 983, n. 34. Certiorari, 11 C. J., Section 30, p. 103, n. 24. Criminal Law, 16 C. J., Section 3135, p. 1332, n. 29; 17 C. J., Section 3277, p. 22, n. 78; Section 3380, p. 107, n. 42.

*Certiorari.*

WRIT QUASHED.

*Robert W. Otto,* Attorney-General, *W. L. Vandeventer,* Assistant Attorney-General, and *Ruby M. Hulen,* of counsel, for relator.

(1)   The Court of Appeals had no jurisdiction in the matter and were wholly without authority to issue said order directed to the Circuit Clerk of Boone County. Secs. 4088 to 4094, R. S. 1919.   (2)   *Habeas corpus* is the only method of raising the question of bail in any court except the court in which the case was tried and in the Supreme Court where the question of bail arises after conviction and pending appeal.   State v. Watson, 54 Mo. App. 416.   (3)   The right of appeal in criminal cases is unknown to the common law.   State v. Leonard, 250 Mo. 406; State v. Thayer, 158 Mo. 36; Buessel v. United States, 258 Fed. 811; 17 C. J. p. 13, sec. 3261.   (4) There is no constitutional right of appeal in Missouri. Ex parte Heath, 227 Mo. 398; Ex parte Carey, 267 S. W. 806.   (5)   The right of appeal in Missouri is purely statutory. State v. Leonard, 250 Mo. 406; State v. Mericle, 245 Mo. 548; State v. Graham, 184 S. W. 1190; State v. Campbell, 297 Mo. 187; Ex parte Carey, 267 S. W. 806. (6)   The constitutional right to bail does not confer the right to bail pending appeal from a conviction.   Ex parte Heath, 227 Mo. 393; Ex parte Dipley, 233 Mo. 235; Ex parte Carey, 267 S. W. 806.

*George S. Starrett* and *E. C. Anderson* for respondents.

(1)   The Court of Appeals did have jurisdiction of the matter in this case and was the only court that did have jurisdiction and authority to issue the order directed to the Circuit Clerk of Boone County, to admit defendant to bail without *habeas corpus* proceedings.

Sec. 4088, R. S. 1919, relied upon by the relator, was enacted before the adoption of our present Constitution creating courts of appeals, and is found in practically its present form in Sec. 3, ch. 14, p. 1202, R. S. 1855, and all subsequent statutes, down to the present time. This was at least twenty years before any of our courts of appeals were created and at a time when the Supreme Court was the only appellate court. By the Constitution of 1875, and the Amendment thereto of 1884, the Kansas City Court of Appeals was created, and by Section 5 of said amendment these courts of appeals were given jurisdiction to hear and determine all appeals in misdemeanor cases from the circuit courts of their respective districts. State v. Meyer, 246 Mo. 596; State v. Ramsey, 110 Mo. 212; State v. Zinn, 141 Mo. 329; State v. McKee, 196 Mo. 106; State v. Cook, 217 Mo. 326. It must follow that the constitutional provisions above named have modified the provisions of Sec. 4088, R. S. 1919, originally enacted prior to 1875, so as to vest in the courts of appeals jurisdiction in all matters relating to misdemeanor cases. (2)   In the application to the Court of Appeals for stay of execution and bond in the case of the State v. Sellinger, all the facts clearly appear in the record of the case filed in that court, and this court therefore is not put to the necessity of bringing the prisoner before them on a writ of *habeas corpus*. The case of State v. Sellinger is not pending in the Circuit Court of Boone County. It is pending now in the Kansas City Court of Appeals, and that court is the only court authorized to admit defendant to bail without *habeas corpus* proceedings. The Court of Appeals, having jurisdiction of this matter of appeal, clearly has the same authority to admit the defendant to bond and to fix the amount thereof, without *habeas corpus* proceedings, as the circuit court had.

BLAIR, J.—This is an original proceeding in *certiorari*, whereby relator seeks to quash an order of the Kansas City Court of Appeals, staying execution of the judgment upon a conviction for misdemeanor in the Cir-

cuit Court of Boone County, after appeal was granted therein below, and fixing the amount of the appeal bond of defendant in said case. Our writ issued and respondents have filed in this court certified copies of the records and proceedings in their court. The facts are thus stated in relator's brief:

"On the 25th day of November, 1924, Herman Sellinger was convicted on an information filed by the relator herein of the crime of open, gross lewdness, notorious acts of public indecency, grossly scandalous, which is a misdemeanor, and his punishment assessed at one year in the Boone County jail. Sellinger filed a motion for a new trial and a motion in arrest, which were overruled. He then filed an affidavit praying that appeal be allowed to the Kansas City Court of Appeals. An order was made granting the appeal. An application was then made to the trial judge to make an order that said appeal should act as a stay of the execution of the judgment and sentence rendered against Sellinger. The court refused to make the order and refused to fix an appeal bond. Whereupon, Sellinger on the 1st day of December, 1924, filed an application with the clerk of the Kansas City Court of Appeals praying for an order from said court directing that the appeal granted by the Circuit Court of Boone County operate as a stay of proceedings on the judgment and sentence.

"The Hon. Francis H. Trimble, one of the judges of the Kansas City Court of Appeals, made an order directed to the Circuit Clerk of Boone County and requiring said clerk to take a bond in the sum of $1,000 for the appearance of said Sellinger in execution upon the decision of the Court of Appeals. The Clerk of the Circuit Court of Boone County, acting under the instruction of Judge TRIMBLE, let the prisoner to bail as required in said order."

In addition to the foregoing it should be stated that relator, as Prosecuting Attorney of Boone County, filed in the Court of Appeals a motion for rehearing, which was overruled. Thereafter the petition for our writ

was filed in this court. The case was presented to us upon the printed briefs and arguments of the parties.

The petition for our writ was filed December 16, 1924, and suggestions in support thereof on December 20, 1924. It is evident that the learned circuit judge and the relator shared the then opinion of the Attorney-General that the mere taking of an appeal in a criminal cause did not entitle the convicted defendant to bail and to go at large thereunder pending disposition of his appeal and that he was not so entitled to bail unless the trial court or the Supreme Court, or a judge thereof, upon inspection of the record, was of the opinion that there was probable cause for appeal. The Attorney-General appeared in this court in the *habeas corpus* cases of Ex parte Carey, 267 S. W. 806, and Ex parte Newland, 267 S. W. 809, and made that contention. On December 30, 1924, opinions were handed down by this court in those cases.

In the Carey case we said: ''Any defendant in a criminal cause, except in cases in which the sentence of death or imprisonment for life is imposed, is entitled, as a matter of right, to bail pending his appeal from a judgment of conviction.'' The Newland case simply followed the conclusion reached in Carey's case.

Whatever question there had theretofore been concerning the absolute right of a convicted defendant to give bail pending his appeal, except where the sentence of death or life imprisonment was imposed, was necessarily settled by said decisions. We doubt not that our learned brother of the trial court would have granted Sellinger opportunity to give such bail and that no application to respondents for stay of execution and the right to give bail would have been rendered necessary had the Carey and Newland cases been decided when Sellinger's appeal was granted.

The foregoing is merely an observation by the way, because the record in this case discloses substantial questions for our consideration and does not in terms challenge the right of a defendant to bail pending appeal. However, as above stated, the denial of such right was

apparently the underlying reason for all of the proceedings mentioned.

Respondents undertook to and did make an order for a stay of execution in Sellinger's case and let him to bail. Their power and jurisdiction to do this is now challenged. The power of the Supreme Court to grant a stay of execution in a felony case, under similar circumstances, is conceded by relator.

Counsel for Sellinger seemingly misconceived the remedy in applying to respondents for stay of execution, for the reason that bail is apparently not contemplated under Sections 4088 to 4091, which we will quote later. These sections seem to have been intended for relief primarily where defendant has been sentenced to the penitentiary, in order that such defendant may remain in the jail of his county pending his appeal, if he is unable to furnish bail, and avoid being taken to the penitentiary, there to undergo the stigma of having been a convict, although the judgment may thereafter be reversed. A stay of execution from a jail sentence pending appeal, without the opportunity of giving or ability to give bail, would be of no benefit to a convicted defendant, for he would have to be kept in custody anyhow, notwithstanding a formal order staying execution, lest he depart the country and not be on hand to surrender himself in judgment.

The view of the said sections of the statute, contained in the preceding paragraph, is merely the opinion of the writer and is not necessary to or any part of the decision in this case.

The sections of the statute covering stays of execution in criminal proceedings are Sections 4088, 4089, 4090 and 4091, Revised Statutes 1919, and read as follows:

"Sec. 4088. *Shall not stay execution, except, when.*— No such appeal or writ shall stay or delay the execution of such judgment or sentence, except in capital cases, *unless the Supreme Court, or a judge thereof, or the court in which the judgment was rendered, or the judge*

*of such court on inspection of the record,* shall be of opinion that there is probable cause for such an appeal or writ of error, or so much doubt as to render it expedient to take the judgment of the Supreme Court thereon, and shall make an order expressly directing that such appeal or writ of error shall operate as a stay of proceedings on the judgment; but in capital cases the order granting the appeal shall operate as such stay absolutely.

"Sec. 4089. *Suspension of judgment.*—If the court in which the judgment was rendered, or the judge thereof, refuse such order, he shall nevertheless suspend the execution of the judgment, except as to fine and costs, if necessary, *to allow sufficient time to make application to the Supreme Court, or a judge thereof, for such order.*

"Sec. 4090. *Stay of proceedings and writ of error to be filed.*—When any order to stay proceedings shall be made by the *Supreme Court, or by any judge in vacation,* the same, together with the writ of error, if any, shall be filed with the clerk of the court in which the judgment was rendered, who shall furnish the party filing the same with a certificate thereof, together with a copy of the order.

"Sec. 4091. *Sheriff, when to keep prisoner in custody.*—If the defendant in the judgment so ordered to be stayed shall be in custody, it shall be the duty of the sheriff, if the order were made by the court rendering the judgment, or upon being served with the clerk's certificate and a copy of the order, to keep the defendant in custody without executing the sentence which may have been passed, to abide such judgment as may be rendered upon the appeal or the writ of error."

Neither the courts of appeals nor the judges thereof are mentioned in said sections as having the power to grant stays of execution, and therefore relator contends that they necessarily have no such powers. Respondents have pointed out in their brief that said sections appear in substantially the same form as Sections 3, 4, 5 and 6, Article VIII, Chapter 127, of the Revised Statutes of 1855. They were therefore upon our statute books at

least twenty years before the Constitution of 1875 established the St. Louis Court of Appeals and at least twenty-nine years before the 1884 amendment created the Kansas City Court of Appeals. When those sections were enacted appeals in misdemeanor cases were cognizable by the Supreme Court. After the 1884 amendment exclusive appellate jurisdiction in misdemeanor cases was lodged in the St. Louis and Kansas City Courts of Appeals within their respective territorial jurisdictions, which then included every county in the State. Part of the jurisdiction of each of said courts was thereafter given to the Springfield Court of Appeals, when it was created by statute. The Supreme Court now possesses no appellate jurisdiction in misdemeanor cases, save only where some other question is present which gives it jurisdiction under the Constitution. [Sec. 12, Art. VI.]

It is the contention of respondents that the Constitution of 1875, creating the St. Louis Court of Appeals, and the amendment of 1884, establishing the Kansas City Court of Appeals and providing for a third court of appeals by legislative enactment, had the effect of modifying what are now Sections 4088 to 4091 by vesting in said courts jurisdiction in all matters relating to misdemeanors, including the power to grant stays of execution and to let accused persons to bail after appeal. In this view we fully concur. Its mere statement indicates that the contention is sound. Its basis is reason and common sense—the foundation of all good law.

Respondents have materially assisted us by citing a similar ruling of this court in State v. Meyer, 246 Mo. 596, construing a section of the statute which authorizes an appeal to the Supreme Court by the State when the indictment or information is quashed or held to be insufficient upon demurrer or when the judgment thereon is arrested. [Sec. 5305, R. S. 1909; Sec. 4099, R. S. 1919.] That section is substantially the same as it appeared in the Revised Statutes of 1855 as Section 14, Article VIII, Chapter 127 thereof. At that time the Supreme Court

was the only appellate court in the State and the statute was written to fit then existing conditions.

In the Meyer case, defendant was charged with the misdemeanor of peace disturbance and the information was quashed. Section 5305, Revised Statutes 1909, provided by its terms for the appeal to be granted to the Supreme Court. Like present Sections 4088 to 4091, it had not been amended by the General Assembly to conform to the jurisdiction of courts of appeals in misdemeanor cases. The appeal was granted to this court and both parties moved a transfer of the case to the St. Louis Court of Appeals. BROWN, P. J., in a most able and logical opinion, said:

"It is manifest that this appeal was granted to this court pursuant to Section 5305, Revised Statutes 1909, which specifically provides for an appeal by the State to the Supreme Court in all cases where an indictment or information is quashed.

"Upon examination, we find that said Section 5305, Revised Statutes 1909, was enacted in substantially its present form prior to the year 1855. [Sec. 14, ch. 127, p. 1204, R. S. 1855.] This was at least twenty years before any of our courts of appeals were created, and a still longer period before the St. Louis Court of Appeals was given jurisdiction of appeals from Montgomery County.

"In 1875 the St. Louis Court of Appeals was created. [Sec. 12, Art. 6, Constitution of 1875; R. S. 1909, p. 88.]

"By said Constitution of 1875 and the amendment thereto of 1884 (R. S. 1909, p. 101), said courts of appeals were given jurisdiction to hear and determine all appeals in misdemeanor cases from the circuit courts of their respective districts. [State v. Ramsey, 110 Mo. 212; State v. Zinn, 141 Mo. 329; State v. McKee, 196 Mo. 106; State v. Cook, 217 Mo. 326.]

"It follows that the constitutional provisions last above named have modified the provisions of Section 5305, Revised Statutes 1909 (originally enacted prior to 1875), so as to vest in the courts of appeals jurisdiction

to hear and determine appeals by the State from judgments quashing informations and indictments in all cases where the crime charged is only a misdemeanor.

"It is therefore ordered that this case be transferred to the St. Louis Court of Appeals."

We need seek no further. We hold that respondents had full jurisdiction and authority to order stays of execution after appeal in misdemeanor cases.

But relator contends that respondents had no power or authority to order Sellinger admitted to bail pending his appeal because no formal application for bail by a petition for *habeas corpus* was made. Under the provisions of Section 4092, Revised Statutes 1919, any court authorized to grant a stay of proceedings under Sections 4088 to 4091 may allow a writ of *habeas corpus* to bring up the defendant and let him to bail "with sufficient securities to be approved by such court or judge."

In view of what we have already said, the courts of appeals clearly have authority to issue writs of *habeas corpus* to bring up a defendant convicted of a misdemeanor and let him to bail pending his appeal. The contention then is that respondents had no authority to let Sellinger to bail, except in formal *habeas corpus* proceedings and then only to approve the securities themselves and not to commit the taking of bail and the approval of the securities to the clerk of the Boone County Circuit Court as they did.

Relator relies upon State v. Watson, 54 Mo. App. 416. In that case the criminal prosecution was pending and not yet tried in the circuit court. The circuit judge was absent from the county and the judge of the probate court undertook to admit the defendant to bail without issuing a writ of *habeas corpus*. A forfeiture was had upon the recognizance so taken and the State was seeking to collect the amount of the bail from the securities. Recovery was denied by the Court of Appeals upon the ground that the probate judge had no authority to admit the defendant to bail under the circumstances and that the recognizance was void for that reason. The power of

an appellate court or a judge thereof, where a criminal case is pending therein on appeal, to admit the appellant to bail pending the appeal, without *habeas corpus* proceedings, was in no wise involved. When Judge BOND said, "*After indictment* the judge of the court where the indictment or information is pending may admit a prisoner to bail without issuing a writ of *habeas corpus* (R. S. 1889, sec. 4123), but no other judge has such authority," the language must be understood in reference to the facts of the case then before the court. So long as a criminal case is pending before the circuit court and undisposed of in that court, no other court or judge has power to let the prisoner to bail, except upon *habeas corpus* proceedings. This practice is illustrated in the frequent applications made to this court by *habeas corpus* to admit a prisoner to bail, where he has been denied the right of bail in capital cases before he has been tried in the circuit court.

But the situation is different after an appeal has been granted. The trial court loses jurisdiction of the case for all purposes, except to admit the appellant to bail pending such appeal or to stay the execution. The only other orders provided for by the statute to be made by the trial court after appeal, of which we are aware, are to settle and approve bills of exceptions (Sec. 4039) and, in cases of appeal from convictions for misdemeanor, to order dismissal of the appeal for failure to perfect such appeal within six months (Sec. 4108). Here the trial court passed upon the question of bail and denied Sellinger the right of bail. The power to let Sellinger to bail then passed to the Kansas City Court of Appeals as a necessary incident of its appellate jurisdiction. If the appeal had been fully perfected by filing the proper transcript of the record in the court of appeals, no reason suggests itself why bail should not be allowed upon mere application to that court. If the case had not thus reached said court *and it was not advised by other proceedings before it* that it had appellate jurisdiction of the case, *habeas corpus* is doubtless the appropriate pro-

ceeding by which the question of bail could be brought before that court.

But the petition filed by the said defendant fully informed that court as to its appellate jurisdiction of the case and gave it all the information required as the basis for the issuance of a writ of *habeas corpus*, except that it was not labeled a petition for such writ and was not sworn to as required by Section 1877 of our current statutes. Under Section 1880, respondents had authority to issue a writ of *habeas corpus*, based upon the information they had, without any petition whatever for such writ. While they did not issue such writ under said Section 1880, the necessity therefor is not apparent because the petition actually filed fully advised respondents that they then had appellate jurisdiction of the case, even though the transcript of the record had not yet reached them. The right of Sellinger to be let to bail rested somewhere and the trial court had denied such right and its jurisdiction had ended.

In State ex rel. v. Field, 112 Mo. 554, it was held that: "The judge of the court under whose process the accused is in custody has power (within his jurisdiction) to act in the matter of bail without any writ of *habeas. corpus.* [R. S. 1889, sec. 4123.] But where some other judge must be invoked, and the use of that writ becomes necessary, Section 5414 is intended to define the line of procedure thereon."

This rule could only limit the power of the appropriate appellate tribunal in respect to granting bail without *habeas corpus* proceedings so long as the case was pending and undisposed of in the trial court. We hold that respondents did not exceed their jurisdiction in making an order admitting Sellinger to bail and fixing the amount thereof under the circumstances appearing in this record.

Whether or not respondents had authority to intrust the approval of the securities to the clerk of the circuit court, we need not here inquire, since such question does not go to the question of jurisdiction of respond-

ents nor to the question of an attempted exercise of powers in excess of their jurisdiction, but only goes to the manner in which they exercised such jurisdiction. If respondents acted erroneously, their act cannot be reviewed by this proceeding in *certiorari*. [State ex rel. v. Smith, 101 Mo. 174; State ex rel. Ry. Co. v. Edwards, 104 Mo. 125; State ex rel. Scott v. Smith, 176 Mo. 90.] That question might have some bearing if the validity of the bail so taken is ever challenged, but such question is not before us and we express no opinion upon it.

Our writ should be and is quashed. All concur, except *Walker, J.,* absent.