## Tewmy v. Commonwealth, for Use, etc.

(Decided January 9, 1925.)

### Appeal from Mercer Circuit Court.

1. Husband and Wife—Wife Punishable for Crime Committed in Presence of Husband.—Under Ky. Stats., sections 2127, 2128, a wife is punishable for a crime although committed in presence of her husband, the common-law doctrine that under such circumstances she was presumed to be under his coercion having been abolished.

2. Intoxicating Liquors—Discovery of Liquor on Premises Rented by Husband Insufficient to Warrant Conviction of Wife.—Conviction of wife for unlawful possession cannot be sustained on evidence showing that she had nothing to do with liquor, and did not know of its presence on premises, which were rented by husband, merely because whiskey was found in chicken coop.

3. Intoxicating Liquors—Finding of Liquor Creates no Presumption Against Persons Not in Control of Premises.—A statute raising presumption of guilt against one in control of premises on which whiskey is found, and casting on him burden to show legality of possession, creates no presumption against other occupants of premises or members of family who have not supervisory control of premises.

4. **Intoxicating Liquors—Evidence Held Insufficient to Warrant Submission of Guilt to Jury.**—Evidence of finding of liquor on premises of defendant's husband, and of her returning from automobile trips with him, and evidence of her bad reputation, bottomed upon bad reputation of her husband, held insufficient to warrant submission of her guilt to jury.

C. C. BAGBY, ROY E. GRAVES and CHAS. CORN for appellant.

C. E. RANKIN for the Commonwealth.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The question presented on this appeal is whether a married woman may be convicted of unlawfully possessing intoxicating liquor from the mere fact of whiskey being found, upon a search made for the purpose, in a chicken coop located about twenty feet in the rear of the dwelling wherein she and her husband resided and which dwelling and premises were contracted for by the husband and he paid the rent. So far as the legal question is concerned, it is the same as if the husband owned the premises, in which case the question would be, whether the wife may be convicted under a charge of her possessing whiskey that was found on her husband's premises, in the absence of *any* proof connecting her with such possession. In this case the appellant, Maggie Tewmy, lived with her husband in a rented house which, as stated, he contracted for and controlled, and under a search warrant it and the premises were searched. Nothing was found in the dwelling, but there was some moonshine whiskey found in a chicken coop located about twenty feet to the rear of it. The husband was prosecuted and convicted for possessing it as was also a third person who was boarding with Mr. and Mrs. Tewmy, and this prosecution against the wife for the same offense is the third one growing out of the finding of the same whiskey. Objection was made to the search warrant, or rather to the affidavit upon which it issued, but under the conclusion we have reached it will be unnecessary to determine that question.

No doubt a wife whom the proof shows was the actual perpetrator of a crime is now punishable therefor although it was committed in the presence of her husband, since the common law doctrine that under such circumstances she was presumed to be under the coercion of her

husband was abolished in Kentucky by the enactment of the statute of March 15, 1894 (now sections 2127 and 2128 Kentucky Statutes), as was held in the case of King v. City of Owensboro, 187 Ky. 21. But we have no such case here, since the fact of the appellant's guilt must be found, if at all, from inference arising from the presumption of guilt because of her mere occupancy of the premises upon which the contraband liquor was found as a member of her husband's household, he of course being, under the proven facts, the head of the family as well as the controller of the premises. It would, probably, be a different case if the premises were owned or rented and thereby under the control of the wife as the director of the home. Even if the wife, under the proven facts, had knowledge of the possession of the liquor by her husband, there might be considerable doubt as to whether she could be convicted without further proof of her joint participation in that possession, since we do not conclude that under such circumstances she would be called upon, in order to exculpate herself, to abandon her home and separate from her husband and dissolve the bonds of matrimony between them. But, however that may be, we are convinced that her conviction cannot be sustained where the proof is as here, *i. e.*, nothing to connect her with the possession of the whiskey and positive proof that she had nothing to do with it and did not know that either her husband or any other person in the houshold had it stored anywhere on the premises. If a wife could be convicted under such circumstances, then any other person on the premises, including children of sufficient age to be responsible for their criminal acts, could likewise be convicted, and which convictions would necessarily be bottomed upon a mere inference or suspicion that the accused had some criminal connection with the commission of the offense.

The statute itself raises a presumption of guilt against the controller of the premises when whiskey is found thereon and casts the burden upon him or her to show the legality of the possession; but we find nothing in it, nor have we been cited to or been able to find any case, wherein that presumption operates to fix *prima facie* guilt upon every occupant of the premises or every member of the family, regardless of whether they have any supervisory control or not. It is highly essential in the enforcement of our prohibition statutes and others of a like nature to indulge such presumptions as against the

controller or controllers (if there are more than one) of the premises, and we have steadfastly done so in the numerous cases brought to this court, but we do not think that the exigencies of the case demand, nor the rules for the administration of the criminal law require, that the courts should go further and uphold convictions of every person who might occupy the premises in which the whiskey is found in the absence of some substantial probative fact connecting the accused with the charge.

As stated, we have been unable to find any case where the exact question was presented; although there are numerous cases holding that the husband, under similar circumstances, would be liable to prosecution for the commission of such acts on his premises by his wife with his knowledge and consent; and under the doctrine everywhere recognized, that offenses of this character may be committed by an agent who himself would be liable as well as his principal (if the act was done in the scope of the agent's authority), the wife might be prosecuted if it was shown that the offense was actually perpetrated by her although as agent for her husband. But none of the reasons for upholding the guilt of the wife in any of the supposed cases exists under the facts of this one, and we, therefore, conclude that the court should have sustained the motion for a peremptory instruction in her favor offered by her at the close of the Commonwealth's testimony and also when all the evidence was concluded.

It might be insisted that certain evidence given as to the appellant and her husband returning to Harrodsburg in an automobile, as well as that offered to show her bad reputation under the statute, was sufficient to authorize a submission of the case to the jury, but we do not think so. No evidence introduced at the trial connected the automobile trip with the finding of the whiskey at the place stated under the search made by the officers, and we held in the case of Lakes v. Commonwealth, 200 Ky. 266, and which has been since followed, that evidence of reputation alone was insufficient to sustain a conviction under the statute, even if the fact of reputation was undisputably proven. But in this case the witness, who testified as to the appellant's reputation, said on cross-examination that his testimony was bottomed upon the fact of the bad reputation of her husband and not because of any conduct of her own. So that we conclude that the testimony fell short of establishing her bad reputation in the respects mentioned.

Wherefore, the judgment is reversed with directions to grant a new trial and to sustain the motion for a peremptory instruction upon a second trial if the evidence is substantially the same.