## Williams v. Commonwealth.

(Decided October 14, 1927.)

### Appeal from Mercer Circuit Court.

1. Intoxicating Liquors.—Finding intoxicating liquor on premises owned or controlled by person raises presumption of his guilt, and it devolves on him to show possession was lawful, or that he did not know of liquor's presence, or that it was placed there by some one else.

2. Intoxicating Liquors.—Finding whisky on premises owned and controlled by defendant's father did not raise presumption of defendant's possession, even though he was member of household.

3. Intoxicating Liquors.—Where, prior to search of father's premises, son was placed under officer's control without being arrested, his leaving in leisurely manner, not against protest of officer, prior to discovery of liquor, was not flight, or effort to escape, raising presumption of his guilt of possession.

4. **Intoxicating Liquors.**—In prosecution for possession of intoxicating liquor, evidence of finding liquor on premises of defendant's father, of whose household defendant was claimed to be member, and that defendant, after being placed in charge of officer without being arrested, left during search without officer's protest, held insufficient to take case to jury.

I. C. JAMES for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

Beverley Williams, who had previously been convicted of a violation of the Prohibition Act (Laws 1922, c. 33), was convicted of possessing intoxicating liquor, and his punishment fixed at one year's imprisonment in the penitentiary.

The facts are these: The sheriff of Mercer county, accompanied by some deputies and a federal prohibition officer, who had a warrant authorizing him to search the home of John Williams, appellant's father, went to the home of John Williams, and, after a search lasting several minutes, discovered in the yard immediately back of the house, under an iron kettle, a keg containing about 3½ gallons of white whiskey. When they arrived John Williams was not there, but his wife, appellant, and his children were at the house. The sheriff told Mr. Coleman to look after appellant. Mr. Bailey, one of the deputies, was left with appellant when the other officers began the search. Before they found the whiskey, appellant, who, with others, "was fooling with a car," got into the car and left. Appellant was not under arrest at the time, and Bailey did not give him permission to go, but saw him leave. According to the officers, appellant was living with his father at the time. Appellant's reputation for dealing in intoxicating liquor was bad.

Appellant who seems to have had no settled home, claims to have been living with his sister at the time, and to have gone to his father's home to see his children. The whisky was not his, was not placed in the yard by him, and was not in his control or possession. He supposed his father placed the whiskey there. Mr. Coleman told Mr. Bailey to stay there, but did not tell Bailey that he (appellant) was under arrest. When he left, Bailey

made no objections to his leaving. He got in the car to go to the home of his sister.

The finding of intoxicating liquor on premises owned or controlled by a particular person raises a presumption of his guilt, and it devolves upon him to show that the possession was lawful, or that he did not know that the liquor was on his premises, or that it was placed there by some one else. No such case is here presented. The premises on which the whiskey was discovered are owned and controlled by John Williams, appellant's father. The finding of the whisky did not raise a presumption of guilt on the part of appellant, even though he was a member of the household. Tewmy v. Commonwealth, 206 Ky. 522, 267 S. W. 1087. The only other circumstance on which the commonwealth relies is the fact that appellant left the premises. If he had been placed under arrest, or had left over the protest of the officer who was with him, a different case would be presented. As a matter of fact, however, he had not been placed under arrest, nor did the officer protest against his going. He did not leave the premises hurriedly, but took his time. Not only so, but he left before the whiskey was discovered. His leaving under these circumstances cannot be regarded in the nature of a flight or an effort to escape that would raise the presumption of guilt. We are therefore constrained to the view that the evidence was insufficient to take the case to the jury.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.