## Gullett v. Commonwealth.

(Decided June 22, 1928.)

## Appeal from Powell Circuit Court.

Intoxicating Liquors.—In prosecution for possessing apparatus for manufacturing liquors, evidence held insufficient to support conviction of one living with husband on premises where contraband goods were discovered, which premises husband had rented.

C. F. SPENCER for appellant.

J. W. CAMMACK, Attorney General, and GEO. H. MITCHELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellant, Mrs. Walter Gullett, and her husband were jointly indicted in the Powell circuit court, charged with the offense of having in their possession "an apparatus designed for the unlawful manufacture of spirit uous, vinous, malt, and intoxicating liquors." The husband forfeited his bond, and fled the jurisdiction of the court, but the wife, on her separate trial, was convicted and fined $300 and imprisoned in the county jail for 30 days. She has filed a transcript of the record in this court with a motion for an appeal, and through her counsel urges as grounds for reversal: (1), That the evidence against her was insufficient to sustain the conviction; and (2), error of the court in the admission of the testimony of the two officers, who were the only witnesses for the commonwealth, upon the ground that their information was obtained by an unlawful search.

In disposing of ground 1, it will be necessary to state the facts as presented by the testimony heard at the trial. Mrs. Gullett and her husband lived in Lexington, Ky., and they appear to have been poor people, possessing a very scant amount of this world's goods. She had two brothers living in Powell county, who jointly owned a tract of land containing about 750 acres upon separate portions of which they resided, and upon other portions there were scattered tenant houses, some, if not all, of which were mere hovels. About three months before the discoveries made by the officers and upon which the prosecution is based, appellant's husband rented, under a written contract from her brothers, about 75 acres of their land upon which was located one of the hovels, and

there was another small outbuilding some few yards from it, but the record does not disclose for what purpose it was built. After the rental contract was made and executed, appellant and her husband, with their only infant child, moved into the tenant house on the rented premises.

The raiding party consisted of the sheriff of the county, one of his deputies, and a justice of the peace. They appeared at defendant's home at about 5:30 a. m. on June 17, 1927. There was no fenced off yard around the house, and, according to the sheriff, when the party got within something like 150 yards of the house (40 yards, according to the deputy sheriff), the justice of the peace issued a search warrant directed to the sheriff, and also prepared an affidavit, which the latter signed and swore to. The affidavit was not produced at the trial, since the justice did not appear as a witness, but the warrant was introduced, and, while not strictly formal, we are not prepared to say that it was invalid on its face. The prosecuting witness also testified that no effort was made to prepare the affidavit or issue the search warrant until the party got close enough to the house to see some tubs and to smell the odor escaping from past operations of a still or from material for future operations. No one pretended or offered to testify as to what the affidavit contained, nor was it proven that it was lost so as to allow parol testimony of its contents.

After the issuing of the search warrant, the three persons composing the searching party went to the house, and found there only appellant and her infant child; the husband having gone to Lexington, and had not returned. The witnesses stated that Mrs. Gullett declined to agree to the search, and informed them that her husband was absent, and requested them to wait until his return, but they declined, and procured an ax, with which they prized off a plank from the side of the outbuilding located a few yards from the tenant house occupied by the family as a residence. It was locked, and, when the officers began to prize off of its wall a second plank, so as to make an aperture large enough for them to enter, Mrs. Gullett produced the key to it, and its door was unlocked. Upon entry therein by the officers, they found a still, some mash, some liquor, and other utensils connected with, and necessary to, the manufacture of whisky. Mrs. Gullett was arrested, as was also her husband later, and the in-

dictment upon which defendant was tried was afterwards returned.

The testimony shows that Mrs. Gullett stated to the officers that she knew the contraband articles were in the old outbuilding that they searched, but that it was not so with her agreement, connivance, or consent. On the contrary, according to her testimony, she protested with her husband against it, but to no avail. There was no testimony as to defendant's reputation as a violator of any of the provisions of our prohibition statute, nor was there any proven fact or circumstances tending to connect her with the possession of the discovered articles, or that she in any manner participated in her husband's possession of them, except the mere fact that she occupied the premises with her husband and her infant child as wife and mother, and as a member of her husband's family. No fact connected her with the renting of the premises, nor was it intimated anywhere in the record that she exercised any control over them, or in any manner assumed any position in the family except that of humble housewife.

We had practically the same facts before us in the recent case of Tewmy v. Commonwealth, 206 Ky. 522, 267 S. W. 1087, except that the article wrongfully possessed therein was whisky, whereas in this case it was apparatus adapted to, and intended to be used in, the manufacture of whisky. There was also this further difference, that in that case there was testimony as to the bad reputation of the wife as to the matters involved, whereas there was none such in this case. Another fact that happened in that case, but did not in this one, was, that the location of the whisky on the residence premises in that case was unknown to the wife, whereas the location of the forbidden articles in this case was known by her. Eliminating what we conclude were the immaterial differences in the two cases, as above pointed out, the remaining and material facts in each of them should be governed by the same principles of law. In our opinion rendered in that case, and wherein we held the facts insufficient to sustain the wife's conviction, we said, inter alia:

"The fact of the appellant's guilt must be found, if at all, from inference arising from the presumption of guilt because of her mere occupancy of the premises upon which the contraband liquor was found as a member of her husband's household, he of course

being, under the proven facts, the head of the family as well as the controller of the premises. It would, probably, be a different case if the premises were owned or rented and thereby under the control of the wife as the director of the home.''

The opinion then refers to the fact that the wife had no knowledge in that case of the presence of the whisky on the premises; but we decline to attribute any material effect to that fact, and expressed grave doubt as to whether her knowledge of her husband's possession would add or contribute in the least to her guilt. We then said:

"If a wife could be convicted under such circumstances, then any other person on the premises, including children of sufficient age to be responsible for their criminal acts, could likewise be convicted, and which convictions would necessarily be bottomed upon a mere inference or suspicion that the accused had some criminal connection with the commission of the offense.''

Supplementing what we therein said, we feel that it might be also stated that, if a wife could be convicted upon the testimony heard on this and the Tewmy trials without, in some way, proving the actual participation of the wife, as a joint possessor, then the helpless condition of wives of trifling and insubordinate husbands would be pitiable indeed. Their general tendency is to work harmoniously with their husbands and to do their part toward the orderly maintenance of the household. If their consort be of the class described above, and whom they cannot persuade to desist from their course of law violations, then they are confronted with but two alternatives, i. e., to remain, suffer, and endure, or to abandon their husbands and, perhaps, their children, and separate from them. If they are to choose between the two, with the attendant risk of prosecution and punishment, if they make the first alternative, then an inducement would be created for her to select the latter one, and thus an incentive would be furnished by the law for the breaking up of families and the destruction of the chief institution that safeguards, builds up, and protects society, which is the home. We do not believe that the punishment of the actual violator, or the benefits from a vigilant enforcement of the law, requires or demands the raising of any

presumption of guilt against the wife under such a state of fact. Of course, we do not mean to hold that a married woman cannot commit the offense under consideration, or similar ones, but we do declare her conviction must be sustained by something with more probative force, and of more tendency to convict, than the mere inference to be drawn from the fact of her being the wife of a husband with whom she resides in the household where the contraband goods were discovered. We therefore conclude that the evidence in this case was not sufficient to sustain appellant's conviction, and the court should have so instructed the jury.

The argument in support of ground 2 is that the facts supposed to be contained in the affidavit for the search warrant, and upon which it was issued, were themselves discovered at a time and place when and where the officer who made the affidavit was then engaged in an unlawful search, and by means of which he discovered the facts contained in his affidavit. The argument is not altogether without merit under the facts appearing in this case, but, in view of our conclusion with reference to ground 1, we will withhold any determination of ground 2, and refrain from any discussion thereof.

For the reasons stated, the appeal is granted, the judgment is reversed, with directions to grant the new trial and for further proceedings consistent herewith.