[Cr. A. No. 572. Appellate Department, Superior Court, Los Angeles County.—February 20, 1931.]

THE PEOPLE, Respondent, v. LUCILE FRENCH, Appellant.

(1 Cal. Supp. 122.)

Paul Taylor, for Appellant.

Charles P. Johnson, City Prosecutor, and Joe W. Matherly and John L. Bland, Deputies City Prosecutor, for Respondent.

BISHOP, J.—Appellant's conviction on the charge that she was illegally in possession of intoxicating liquor is dependent entirely on the proof that it was present, with her knowledge, in the residence where she and her husband lived. Were she living alone, or were there any evidence that she claimed or had exercised any dominion or control over the liquor, we would have no hesitation in affirming the judgment. We do not believe that a conviction of a wife is supported when no fact is established other than the presence of the liquor in the house of herself and her husband, even though she had knowledge of its presence.

So far as we are aware, the precise question has not been decided by any appellate court of this state; but we are not without the guidance of judicial authority. In *Tewmy* v. *Commonwealth*, (1925) 206 Ky. 522 [267 S. W. 1087], the wife was convicted of the possession of whisky found in a chicken-coop twenty feet back of the premises where she and her husband resided. He had already been convicted on the same charge. We find this pertinent language in the court's opinion:

"Appellant's guilt must be found, if at all, from inference arising from the presumption of guilt because of her occupancy of the premises upon which the contraband liquor was found as a member of her husband's household, he of course being, under the proven facts, the head of the family as well as the controller of the premises."

The court then expressed a doubt of the validity of the conviction even had the wife known of the presence of the liquor "since we do not conclude that under such circumstances she would be called upon, in order to exculpate herself, to abandon her house, and separate from her husband, and dissolve the bonds of matrimony between them", but as the wife had no knowledge her conviction was held to be without doubt improper.

This Tewmy case was followed with approval in *Gullett* v. *Commonwealth*, (1928) 225 Ky. 194 [7 S. W. (2d) 1050], where a wife and husband were jointly charged with possession of a still. The location of the still was known to the wife in this case, a fact that made no difference in the result. The court said (p. 198 of 225 Ky.):

"Of course, we do not mean to hold that a married woman cannot commit the offense under consideration, or similar ones, but we do declare her conviction must be sustained by something with more probative force, and of more tendency to convict, than the mere inference to be drawn from the fact of her being the wife of a husband with whom she resided in the household where the contraband goods were discovered."

The wife was the owner and in possession of the key to the residence of herself and husband in the case of *Wampler* v. *Corporation of Norton*, (1922) 134 Va. 606 [113 S. E. 733, 735]. They were jointly charged with the possession of liquor found hidden under the floor and in

the yard. His conviction was upheld, but hers was set aside, the court saying:

"None of the many progressive changes made by the laws of this state in respect to marital rights has gone so far as to destroy the theoretical status of the husband as the responsible and authoritative head of the family and director of conditions in the home. . . .

"But where a married woman is charged with keeping ardent spirits for sale there must be something more to establish her guilt than the mere finding of the spirits on premises where she and her husband jointly make their home, no matter to whom the premises belong."

In reversing a judgment of conviction of possession the court in *Crocker* v. *State*, (1922) 148 Tenn. 106 [251 S. W. 914, 915], based its decision on much the same reasoning, as will appear from these quotations.

"There is nothing in the state's evidence which shows that the defendant, rather than her husband, owned or stored the whiskey, or that she, and not the husband, was keeping it at their residence for the purpose of present sale.

"The leased premises were under the dominion and control of the husband, not the wife. The husband's domicile was, of course, that of the wife . . .

"But the husband is in law the head of the family. . . . The family must have one head."

With respect to the effect of her knowledge that the liquor was on the premises, the court said: "We do not think that the mere fact that the defendant may have known (and in this case did know) of the presence of the whiskey on the premises is sufficient to show a violation of this statute."

In *State* v. *West*, 324 Mo. 710 [24 S. W. (2d) 1005, 1006], liquor was found in a restaurant operated by defendant's husband. Anent the insufficiency of the evidence to support her conviction, the court said: "There must be something more to convict a married woman of the possession of whiskey than the fact that she was washing dishes on premises controlled and operated by her husband, even though she was aware that whiskey in violation of the law was stored on the premises."

To the same effect, we find *Watson* v. *State*, (1929) 113 Tex. Crim. Rep. 210 [24 S. W. (2d) 830]. No case to the contrary has been called to our attention, nor has one been discovered by us.

The conclusion agreed upon in these cases is predicated upon the fact that the husband is the head of the family, at least "theoretically", as was said in *Wampler* v. *Corporation of Norton, supra.* This was his status at common law, 13 R. C. L. 984, and is his position under our code. Section 156 of the Civil Code reads: "The husband is the head of the family. He may choose any reasonable place or mode of living, and the wife must conform thereto."

And in section 157 it is declared: "Neither husband nor wife has any interest in the property of the other, but neither can be excluded from the other's dwelling."

We conclude, therefore, that the evidence is insufficient to support the judgment of conviction. The judgment is reversed, the cause remanded for a new trial.

McLucas, P. J., and Shaw, J., concurred.