## THE STATE v. GRANT, Appellant.

**Division Two, March 6, 1906.**

**APPELLATE JURISDICTION: Local Option: Constitutional Question: Abandonment: New Trial.** Defendant was convicted of the violation of the Local Option law, which is a misdemeanor. Subsequently to the trial defendant abandoned all objections to the constitutionality of the law except two, and these two were not assigned in the motion for new trial, nor did the motion for new trial in any way challenge the constitutionality of the law. *Held,* that the Supreme Court has no jurisdiction, but the appeal should go to the proper Court of Appeals.

Appeal from Dunklin Circuit Court.—*Hon. Jas. E. Hazell,* Special Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*W. R. Satterfield* for appellant.

*Herbert S. Hadley,* Attorney-General, and *Rush C. Lake,* Assistant Attorney-General, for the State.

FOX, J.—This cause is here upon appeal by defendant from a judgment of conviction in the Dunklin county circuit court upon an indictment charging the defendant with a violation of what is commonly known as the Local Option law, which had been adopted in that county. The sufficiency of the indictment is nowhere

challenged and there is no reason for reproducing it here.

On the 31st day of May, 1904, the defendant was put upon his trial before a jury for the commission of the offense charged. The evidence was heard, the court instructed the jury and the causes, which had been consolidated, were submitted to them and they returned a verdict of not guilty in cases Nos. 23 and 24, and a verdict of guilty in case No. 2, assessing defendant's punishment at a fine of three hundred dollars. Judgment was rendered in accordance with the verdict, and from this judgment defendant prosecuted his appeal to this court, and the cause is now here for consideration.

### OPINION.

At the very inception of the consideration of the record before us, we are confronted with this question, Has this court any jurisdiction to finally determine this cause? It is conceded that the offense charged, upon which this trial and conviction were had, is a misdemeanor, and it is manifest that unless the record discloses that some constitutional question is involved, and has been properly preserved for review, this court is without jurisdiction.

The record discloses that the appellant, during the progress of the trial, when the State was proceeding to show by the records the adoption in that county of the Local Option law, interposed objections to such evidence; but subsequent to the trial and in the brief now before us appellant makes the following declaration: "The defendant, now, however, abandons and does not further insist on the court reviewing said objections and exceptions to such offerings and the rulings of the court upon the same, and for the purpose of this trial admits that the county court records and all proceedings up to the election, the election, and notices of the same, as well as the notice of the result, were legal, and that at

the date of the alleged violation of the law, for which the defendant stands convicted, the Local Option law was in force and effect in Dunklin county, Missouri. The defendant likewise abandons all objections to the constitutionality of the Local Option law which were made and argued at the time the objections mentioned above were made and argued, except objection numbers 10 and 11, which are as follows, to-wit: (10) Because the penalties prescribed by the Local Option act are excessive, and in violation of section 25, article 2 of the Bill of Rights. (11) Because the adoption of the Local Option law disturbs and renders unsettled the financial policy of the county in which it is adopted.''

When we reach the motion for new trial it is made manifest that appellant does not follow up the objections Nos. 10 and 11, urged in the foregoing statement in the brief. It is nowhere assigned in the motion for new trial, as a ground why it should be granted, that the Local Option law, which defendant was convicted of violating, was unconstitutional in any particular. It is alleged in such motion that. ''the court erred in admitting illegal and irrelevant testimony, in this, to-wit, in permitting the State to offer in evidence, over the objection of the defendant, the orders of the county court and other and further evidence tending to show that the Local Option statute was in force and effect in Dunklin county, Missouri.''

It is clear that the motion for new trial in no way challenges the constitutionality of the law or its sufficiency in any respect. The only complaint is that the court admitted evidence tending to show that *the Local Option statute was in force and effect in Dunklin county, Missouri.* This complaint has been abandoned by the express declaration of defendant, as heretofore indicated, in which he states that the ''Local Option law was in force and effect in said county.''

Failing to call the attention of the trial court in the motion for new trial to the objections urged during the

progress of the trial, that the Local Option law was unconstitutional, must be treated as an abandonment of the constitutional question.

The action of the trial court upon the motion for new trial is nearing the final action of the court in the cause, and it is essential in such motion to call the attention of the court to all questions upon which it is sought to have it pass. If such is not done, it cannot be said that the court passed upon a question which is omitted from the motion for new trial.

The constitutional question referred to in the record has repeatedly had the atttention of this court, and litigants seeking to have the cases which have fully dedermined that question reconsidered can only do so by preserving such question in the record in such manner as would authorize the court to review it.

This cause upon the record before us is properly within the jurisdiction of the St. Louis Court of Appeals, and it is therefore ordered transferred to that court.

All concur.