THE STATE v. GENEVIEVE SMITH, Appellant.

Division Two, December 22, 1925.

LARCENY: Sufficient Evidence. The evidence being substantial in support of the charge that the female defendant stole money from a pedestrian on a public street at night, by pretending to stumble against him, putting her arms about him and taking his pocketbook containing seventeen dollars, and thereupon quickly vanish-

ing, a verdict of guilty, rendered in pursuance to proper instruc-
tions, will not be disturbed on appeal.

Corpus Juris-Cyc. References: Larceny, 36 C. J., Section 483, p. 899, n.
34.

Appeal from St. Louis City Circuit Court.—*Hon. William A. Wilson,* Judge.

AFFIRMED.

*Robert W. Otto,* Attorney-General, and *James A. Potter,* Special Assistant Attorney-General, for respondent.

A demurrer to the State's evidence should be given only where there is no evidence of guilt. State v. Warner, 74 Mo. 83. If there is any evidence of guilt the court should submit the case to the jury. The court did not err in submitting this case to the jury for the reason that there was sufficient evidence of defendant's guilt. The jury alone must pass on the weight of the same. State v. Pollard, 174 Mo. 607; State v. Hughes, 258 Mo. 272; State v. Belknap, 221 S. W. 45; State v. Jenkins, 225 S. W. 989; State v. Loness, 238 S. W. 113; State v. Jackson, 283 Mo. 24; State v. Hascall, 284 Mo. 616. In passing on a demurrer to the evidence the court must assume that the State's evidence is true. State v. Mann, 217 S. W. 67.

WALKER, P. J.—The appellant was charged by information in the Circuit Court of the City of St. Louis with stealing money from the person of Lamar L. Binns. Upon a trial to a jury she was convicted and her punishment assessed at sixty days in the work house. From this judgment she appeals.

Binns' testimony, paraphrased without injury to its context, is as follows: At about 10:15 o'clock P. M.,

in the balmy month of June, 1924, after an evening at the theatre and a drink or two, he was strolling westward on Chestnut Street. Whether exhilarated by the drinks or to court that restful repose which comes from temperate exercise or by leisurely movement to encourage innocent contemplation, affiant saith not. That may pass. A more impelling fact projects itself upon the picture. As has many times been said, both in fact and in fancy, since Adam delved and Eve span, he met a woman. Whether a lass with a long pedigree or a waif from the slums of life's turbid sea, the facts must bear witness. Such a meeting is commonplace enough in character if attended by no encouraging circumstances and needs only a passing mention: thus attended, however, it not infrequently helps to make history, to color romance or furnish a moving cause for crime.

Binns saw the appellant standing over against the wall at a dark spot on Chestnut, between Nineteenth and Twentieth streets. He approached her. As he did so, anxious no doubt to dissipate that embarrassment arising from so sudden a meeting, she asked him if he wanted a girl, to which he said, "No". In reply to her further inquiries he told her that he did not live around there and that he was a stranger. The colloquy ended and he was about to leave her when she stumbled or fell over against him. As she raised up she put her arms around his body. Once upon her feet she hastily departed, disappearing up an alley. After Binns' innocent collision, he heaved to, took an inventory of himself and discovered that he was pecuniarly poorer by some seventeen dollars. The evidence of this condition was attested by his empty pocket-book, which was lying on the sidewalk at his feet, but which had, before the maiden's fall, been safely ensconced in his hip pocket with the seventeen dollars therein. He called to her but she did not answer. He tried to follow her but as my Lord Sterling says, she had "evanished like a vapor in the aire."

The appellant offered no testimony, but relied upon a demurrer to the State's evidence, which the court overruled. The jury, under the court's instructions, deemed the testimony sufficient to sustain the verdict. The trial court, upon the hearing of the motion for a new trial, did not disturb the same. We will not do so. In the absence of error prejudicial to the appellant the judgment will be affirmed. It is so ordered. All concur.