THE STATE v. ELLEN WEST, Appellant.—24 S. W. (2d) 1005.

Division Two, February 19, 1930.

*Von Mayes* for appellant.

*Stratton Shartel*, Attorney-General, and *Carl J. Otto*, Assistant Attorney-General, for respondent.

DAVIS, C.—In an information filed in the Circuit Court of Pemiscot County by the prosecuting attorney, defendant was charged with the unlawful possession of intoxicating liquor, to-wit, moonshine whiskey. The jury returned a verdict of guilty, and assessed her punishment at a fine of two hundred dollars. Defendant appealed.

The cause is here because of a constitutional question timely raised and kept alive. The evidence upon the part of the State warrants the finding that defendant, a negress, was the wife of Leroy West, a negro. On June 30, 1928, by virtue of a search warrant, Constable Gaither, Deputy Constable Morley and Policeman Dover searched a certain building in Caruthersville. In the building defendant's husband ran a restaurant. The officers entered the restaurant and walked to the kitchen. In the kitchen on a table was a dish pan, in which defendant was washing dishes. The officer shook the table, whereupon he heard bottles rattle. He inquired, "How do you get into that?" She answered, "I don't know." Upon the officer making an investigation, defendant told him to go into the next room and reach through a hole in the wall. The officer, failing to find a hole, returned and said: "I know that's in there and I will get in there if I have to break the table." A dish pan and oil cloth were on the table. Defendant removed them, pulled out a plank and drew out an empty bottle, saying, "That's all there is." The officers found in the table twelve one-half pints of moonshine whiskey. Thereupon it appears that Leroy West was immediately arrested. Defendant was arrested a few days later.

The evidence further tends to show by the statements of the officers that Leroy West and defendant ran a restaurant and pool room in Caruthersville in separate buildings some distance apart. Leroy attended to the pool room and spent most of his time there. The whiskey was found in the restaurant, in which defendant worked. The officer would not say defendant rented the place. He merely saw her there caring for the business. He did not know who ran the building. One officer said Leroy West ran the two places of business. He was at the pool room most of the time. Leroy was in the restaurant when it was searched.

Defendant's evidence tends to show that Leroy West placed the whiskey there. The license was issued to Leroy and he rented the building from a Mr. Thweatt. Leroy ran the restaurant. Defend-

ant was occasionally there. She resided about a block and a half from the restaurant. She had charge of a rooming house. She went to the restaurant for refreshment. She had been there only thirty or forty minutes when the officers appeared.

We think the State's evidence tends to show that Leroy West, husband of defendant, owned and operated the restaurant in which the twelve half-pints of moonshine whiskey were discovered. A witness for the State testified that Leroy ran the two places of business, to-wit, the pool room and the restaurant. It is true the one witness stated that Leroy and defendant ran the restaurant, but his statement was nothing more than a conclusion inferred from the fact that he observed her working in the restaurant, for he knew nothing regarding the renting of the place or the running of the business. The testimony of the witness amounts to nothing more than speculation and conjecture, assumed from the fact that he saw defendant working there.

The offense charged is the possession of moonshine whiskey. The possession of whiskey means the control of it. In State v. Jenkins, 14 S. W. (2d) 624, l. c. 626, it is said: "To possess means to have the actual control, care, and management of the liquor, and not a passing control, fleeting and shadowy in its nature." We find the State's evidence without a fact or inference tending to show that defendant controlled the disposition of the whiskey. On the other hand, it tends to show that her husband controlled its disposition, for it was in a building controlled by him. The leased building was controlled and a restaurant operated by Leroy West. It was under his dominion. So far as the evidence shows, she had no interest in his business. He could sell or dispose of it at his pleasure, save possibly a conveyance in fraud of her marital rights.

The whiskey was on the premises owned and controlled by her husband. He was not only the controller of the business, but he was head of the family. According to the evidence, defendant manifestly knew of the presence of the whiskey in the cache in the table. But this does not show that she controlled or managed the whiskey. Mere knowledge, without control of it, that whiskey was concealed on the premises does not subject her to criminal responsibility or punishment. There must be something more to convict a married woman of the possession of whiskey than the fact that she was washing dishes on premises controlled and operated by her husband, even though she was aware that whiskey in violation of the law was stored on the premises. As is said in Wampler v. Corporation of Norton, 113 S. E. (Va.) 733, l. c. 735, "But her guilt cannot be regarded as proved without placing upon the statute what seems to us an unreasonable and dangerous construction." We note that defendant by subterfuge attempted to prevent the officers from discovering the

714

opening in the table, but this may be attributed to the desire to protect her husband. Manifestly, the facts do not show that the whiskey was in her possession. On facts presenting a similar situation, this court, in an able opinion, held that possession of whiskey was not shown. [State v. Huff, 296 S. W. 121.] See also Crocker v. State (Tenn.), 251 S. W. 914.

As the record is without evidence to sustain the charge, it becomes unnecessary to consider the constitutional question raised that confers jurisdiction on this court.

The judgment is reversed and the defendant discharged. *Henwood* and *Cooley, CC.,* concur.

PER CURIAM:—The foregoing opinion by DAVIS, C., is adopted as the opinion of the court. *Blair, P. J.,* and *White, J.,* concur; *Walker, J.,* absent.