The State v. Carl Carter, Appellant.—116 S. W. (2d) 21.

Division Two, May 3, 1938.

Roy McKittrick, Attorney General, and Aubrey R. Hammett, Jr., Assistant Attorney General, for respondent.

TIPTON, J.—On May 27, 1935, an information was filed in the Circuit Court of Howell County, Missouri, charging appellant with

manslaughter in the killing of Louie Peterman through culpable negligence while operating a truck on December 24, 1934. On change of venue the case was sent to the Circuit Court of Carter County, where the trial resulted in finding appellant guilty, and his punishment was assessed at two years in the State penitentiary. Appellant has duly appealed from the judgment and sentence of that court.

I. Appellant has not favored us with a brief, therefore, we will examine his assignments of error in his motion for a new trial. His first assignment of error is that his demurrer at the close of the evidence should have been sustained. There was a sharp conflict in the evidence, but we will relate that most favorable to the State to see if it is sufficient to sustain the verdict.

The evidence of the State tends to show that on December 24, 1934, about five-thirty P. M., there was a collision on State Highway No. 80, about fifteen miles west of West Plains, Missouri, between a truck driven by appellant and a Chrysler coupe driven by Louie Peterman. Riding in the cab of the truck were appellant, his brother Cecil Carter, Leonard Williams and Janie Robbins, and several persons were riding on the body of the truck. In the coupe were the deceased, his father, mother and a child, and two children were riding on the right running board. In the collision Peterman received a broken neck and a severe fracture of the skull which caused instant death. Some distance west of the place where the collision occurred the highway curves at the top of a hill, and from this curve it runs in an easterly direction. The coupe made the curve and started down the hill just as the truck was beyond the foot of it, and its speed was estimated at fifteen to twenty miles per hour. The truck was going between fifty and sixty miles per hour and was traveling in the center of the highway. There was evidence that it was not traveling straight but seemed to be zigzagging first to one side and then the other; that as it approached the coupe it seemed to turn right toward it and then as it tried to turn out it hit the coupe; that at no time before the collision the speed of the truck was slackened; and that the coupe was on the right side of the highway, only a few inches from the shoulder. The highway was twenty-four feet wide at this point. The impact of the collision was so terrific that the top of the coupe was completely sheared off, it landing close to the ditch on the south side of the road. The father of the deceased was thrown against the bank on the south side of the road, and the two children were thrown back of the car on the same side. The mother of the deceased was found under the coupe, and the deceased remained in his seat back of the steering wheel. An examination of the tracks of both the

coupe and truck were made the following morning, and the witness who made the examination testified that the tracks of the coupe, from the top of the hill to the point of collision, were on the right side of the road, while the tracks of the truck, from the bridge at the foot of the hill to the point of collision, showed that it was on the left side of the road.

The evidence further disclosed that appellant and his brother were in West Plains practically all that day, and that about an hour before the collision appellant was seen in the "Arcade," intoxicated and staggering. One witness testified that he saw appellant match coins with a man by the name of White for a pint of liquor, that appellant lost and he (appellant) stated that he had the pint in his pocket. There was evidence that appellant "acted as if he was not sober" at the scene of the accident.

In an instruction, the court defined culpable negligence as follows:

"The Court instructs the jury that culpable negligence is the omission on the part of one person to do some act under given circumstances which an ordinarily careful and prudent person would do under like circumstances, showing on the part of that person a careless or reckless disregard for human life or limb, or the doing of such act under given circumstances which an ordinarily careful and prudent person would not do, showing on the part of such person a careless or reckless disregard for human life or limb by reason of which omission or action another person is directly endangered in life or bodily safety.

"The Court instructs the jury that to make negligent conduct culpable negligence or criminal, and to make it manslaughter, if death is caused by it, the particular negligent conduct of the defendant must be of such reckless or wanton character as to indicate on his part an utter indifference to the life of another, who is killed as the result thereof. It is only from such culpable negligence that a criminal intent may be shown, and in the absence of such criminal intent the crime of manslaughter has not been proved."

We believe this definition is correct. [See State v. Studebaker, 334 Mo. 471, 66 S. W. (2d) 877; State v. Sawyers, 336 Mo. 644, 80 S. W. (2d) 164; State v. Campbell, 84 S. W. (2d) 618; State v. Tucker, 339 Mo. 101, 96 S. W. (2d) 21.] If believed, the evidence outlined above is sufficient to come within this definition, and the demurrer was properly overruled.

II. In his motion for a new trial, appellant makes the following assignment of error: "The Court erred in admitting evidence of intoxication of the defendant." The evidence as to appellant's intoxication was competent on the question of his negligence. [State v. Coulter, 204 S. W. 5; State v. Campbell, supra.] This assignment of error is overruled.

III. The only other assignment of error in appellant's motion for a new trial is that "The Court erred in giving instructions—and—." This assignment is to indefinite to present anything for our review. It does not set forth in detail and with particularity reasons why the instructions given were erroneous, therefore, it fails to comply with Section 3735, Revised Statutes 1929.

Finding no reversible error in the record, the judgment should be affirmed. It is so ordered. All concur.