STATE v. MRS. AMOS POWERS, Appellant.—No. 38345.—169 S. W. (2d) 377.

Division Two, March 25, 1943.

*Roy McKittrick*, Attorney General, and *W. J. Burke*, Assistant Attorney General, for respondent.

BOHLING, C.—We think the review of this misdemeanor is in the court of appeals because of appellant's failure to keep the constitutional ▉▉▉ question alive in the motion for new trial. Appellant was convicted of the misdemeanor of keeping a bawdy house and fined $250 in the circuit court of Greene county. Sec. 4681, R. S. 1939; 13 Mo. St. Ann., Sec. 4681.

Appeals involving misdemeanors are reviewable in the courts of appeals (State ex rel. v. Trimble (Banc), 310 Mo. 274, 282, 275 S. W. 536, 538[2]; State v. Tummons, 225 Mo. App. 429, 432, 37 S. W. (2d) 499, 500[1]) in the absence of some live constitutional question (State v. Bressie, 304 Mo. 71, 77, 262 S. W. 1015, 1016.[3], and cases infra). Appellant's motion for new trial (she filed no brief here) mentioned no constitutional question. Examining the record before us, we find a motion to suppress certain evidence which asserts as one of the grounds therefor that certain personal property was seized by the officers in an unlawful search in contravention of specified constitutional provisions. This motion to suppress was a part of the bill of exceptions and the ruling a matter of exception. The sole reference thereto in appellant's motion for new trial is that "the court erred over the objection and exception at the time in overruling defendant's motion to suppress evidence." Section 4125, R. S. 1939, requires: "The motion for a new trial shall be in writing and must set forth in detail and with particularity, in separate numbered paragraphs, the specific grounds or causes therefor." (12 Mo. St. Ann., Sec. 4125, Laws 1925, p. 198, Sec. 4079.) A like assignment was held, with the citation of authority preceding the change of 1925

in Sec. 4125 and without a discussion or reasoning of the effect of the quoted portion of Sec. 4125 on the issue, to preserve a constitutional question for review in State v. West (Mo. App. 1929), 20 S. W. (2d) 160, and upon the transfer of the cause we, without discussing or reasoning the issue, took jurisdiction (Div. II, 324 Mo. 710, 24 S. W. (2d) 1005). Under later rulings of this court the holding in State v. West, supra, is clearly erroneous and should be overruled. Appropriate constitutional questions in motions to suppress may vest appellate jurisdiction over a misdemeanor here when properly preserved for review. State v. McBride, 327 Mo. 185, 186, 37 S. W. (2d) 423[1]. See assignment in motion for new trial: State v. McBride (Mo. App.), 32 S. W. (2d) 134, 135.

The instant assignment in appellant's motion for new trial, as contended by the learned attorney general, is too general, vague and indefinite to preserve any issue, constitutional or other, for appellate review. Assignments in motions for new trial in criminal cases stating only general conclusions were held insufficient soon after 1925. Unless the assignment specifies the reasons why the ruling was erroneous it presents nothing for review on appeal. State v. Carter, 342 Mo. 439, 442 (III), 116 S. W. (2d) 21, 22[4]; State v. Huddleston (Mo.), 123 S. W. (2d) 183, 184[1-4]; State v. Peters (Mo.), 123 S. W. (2d) 34, 38[10], among others. Reasons stated in the brief but not in the motion for new trial are of no avail. State v. Ellis (Mo.), 159 S. W. (2d) 675, 676[5]. The words in the assignment "over the objection and exception at the time" merely indicate that the spot is marked in the record and add nothing to the asserted general conclusion. They state no grounds or causes for the error in writing in the motion. State v. Bagby, 338 Mo. 951, 962(II), 93 S. W. (2d) 241, 247[4]; State v. McKeever, 339 Mo. 1066, 1087[15], 101 S. W. (2d) 22, 33[37]. " 'The court erred in overruling defendant's motion to quash the search warrant and suppress the evidence' " preserves nothing. State v. Thompson, 338 Mo. 897, 901 (I), 92 S. W. (2d) 892, 893[1]. See State v. Londe, 345 Mo. 185, 194[5], 132 S. W. (2d) 501, 506[12].

It long has been essential to the preservation of a constitutional issue for appellate review that it be preserved in the motion for new trial. State v. Gamma (1908), 215 Mo. 100, 103, 114 S. W. 619, 620, states: "No mention is made of the Constitution in any of the instructions either given or refused, nor is there in the motion for a new trial—the only means by which the point could have been preserved, even if it had previously been raised." If not preserved in the motion for new trial by a sufficient assignment, a constitutional question, even though it be theretofore in the case, may not be resurrected on appeal. State v. Williams, 337 Mo. 987, 989, 87 S. W. (2d) 423, 424[2, 3]; State ex rel. v. Webb City, 333 Mo. 1127, 1130, 64 S. W. (2d) 597, 598[4]; Red School Dist. v. West

Alton School Dist. (Mo.), 159 S. W. (2d) 676, 677[1, 2]. The question should be kept alive in any brief filed here. Little River Drainage Dist. v. Houck (Banc), 282 Mo. 458, 460, 222 S. W. 384, 385.

A few Missouri misdemeanor cases transferred to a court of appeals because a constitutional question had ceased to be a live ██ issue are: State v. Bell (Mo.), 289 S. W. 834[1, 2] (where failure to except to overruling of motion to suppress caused constitutional issue to drop out of case); State v. Tatman, 312 Mo. 134, 137, 278 S. W. 713, 714[6], (assignment considered averment of mere conclusion); State v. Monroe (Mo.), 278 S. W. 723, 724[2], (where no bill of exceptions was before the court); State v. Selleck (Mo.), 46 S. W. (2d) 570, 571[2]; State v. Baker (Mo.), 274 S. W. 359, 360[4]; State v. Grant, 194 Mo. 364, 92 S. W. 698. Consult 21 C. J. S., Courts, Sec. 401, n. 29; Sec. 404; 15 C. J., Courts, Sec. 511, n. 60; Sec. 512; 24 C. J. S., Criminal Law, Sec. 1642.

The constitutional question, assuming it was timely and properly raised and for a time preserved, ceased to be a live issue in the instant case when appellant failed to preserve it in the motion for new trial and at the time this appeal was granted there was no constitutional question vesting appellate jurisdiction of this misdemeanor in this court.

We think a disposition of the case on the merits might have consumed less time and effort.

The cause is transferred to the Springfield Court of Appeals. *Westhues* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.