**Rockford ROWDEN, Respondent,**

v.

**James E. AMICK, Appellant.**

**No. 53289.**

Supreme Court of Missouri,
Division No. 1.

Dec. 9, 1968.

Roger W. Penner, Meyer, Smith, Bott & Penner, Kansas City, for respondent.

Robert B. Olsen, Kansas City, for appellant.

HOUSER, Commissioner.

This is an action for damages for libel, in which there was a jury verdict for plaintiff for $300 actual and $1,000 punitive damages.

Defendant filed a posttrial motion to set aside the verdict and judgment for plaintiff and to enter judgment in accordance with defendant's motion for directed verdict at the close of all the evidence, on these grounds:

"1. Plaintiff was a public official and the allegedly libelous statements related solely to the manner in which plaintiff performed his duties as a public official. Accordingly, the doctrine of New York Times Co. v. Sullivan, 376 U.S. 254 [84 S.

Ct. 710, 11 L.Ed.2d 686], is applicable, and plaintiff was not entitled to recover unless the evidence would support findings that (a) the allegedly libelous statements were false, and (b) they were published by defendant with actual malice, i. e., with knowledge of their falsity or with reckless disregard of whether they were false or not.

"2. The evidence was insufficient, as a matter of law, to support a finding that the allegedly libelous statements were false.

"3. The evidence was insufficient, as a matter of law, to support a finding that defendant published the allegedly libelous statements with actual malice."

Appellant asserts that the Supreme Court has jurisdiction for the reason that the construction of the federal constitution is involved. Appellant's jurisdictional statement recites the following: "In the court below, judgment was entered for plaintiff-respondent upon a determination by the court that the evidence was constitutionally sufficient to support such a judgment. In so holding, the trial court construed the First and Fourteenth Amendments to the United States Constitution so as to permit recovery by such a plaintiff notwithstanding that the allegedly libelous statements were not statements of fact, but rather statements of opinion on truthfully stated facts, and notwithstanding that the defendant honestly believed the allegedly libelous statements to be true. Defendant-appellant submits that the trial court erred in this construction and that, under a proper construction of the First and Fourteenth Amendments to the United States Constitution, the evidence was constitutionally insufficient to support a judgment for plaintiff-respondent. The construction of the free speech and free press clauses of the First Amendment to the United States Constitution, made applicable to the states by the due process clause of the Fourteenth Amendment, is thus involved in this appeal."

Appellant's basic contention, as disclosed by his posttrial motion, brief and

argument, is the insufficiency of the evidence to support a finding of falsity of the allegedly libelous statements or actual malice on the part of the defendant. Neither in the pleadings, nor in the evidence, nor in the posttrial motion did appellant raise any constitutional question. His characterization, in the brief, of the evidence as "constitutionally" insufficient raises no constitutional question. "No constitutional question having been mentioned in defendant's motion for new trial, none is here for appellate review. State v. Powers, 350 Mo. 942, 944, 169 S.W.2d 377, 378 [6]. A brief may not supply deficiencies in a motion for new trial. State v. Davis, Mo., 251 S.W.2d 610, 616 [5-7]." Layson v. Jackson County, 365 Mo. 905, 290 S.W.2d 109, 113 [4, 5]. More recently, in Witt v. City of Webster Groves, Mo.Sup., 383 S.W.2d 723, 725, 726, this Court said: "From the transcript it is determined that appellants' motion for new trial makes no reference to any constitutional question. A constitutional question must be raised not only at the first opportunity, but must also be preserved throughout in order to present it for appellate review. When the alleged constitutional question was not presented to the trial court in the motion for new trial, it passed out of the case. State ex rel. Kirks v. Allen, Mo., 250 S.W. 2d 348, 349-350 [1, 2]; State ex rel. Williamson v. County Court of Barry County, Mo., 363 S.W.2d 691, 694 [5-8]. There is, therefore, no constitutional question on this appeal and we have no jurisdiction on that ground."

Under the foregoing authorities we are obliged to rule that we have no jurisdiction on the ground that the construction of the constitution is involved and, no other ground for the exercise of our jurisdiction appearing, the cause is transferred to the Kansas City Court of Appeals.

WELBORN, C., concurs.

HIGGINS, C., not sitting.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.