**STATE of Missouri ex rel. STATE HIGH-WAY COMMISSION, Plaintiff,**

v.

**Mike DEMARCO, Exceptions of Estate of W. E. Reed, et al., Movants-Respondents,**

v.

**Warren DEAN et al., Respondents-Appellants.**

**No. 53501.**

Supreme Court of Missouri, Division No. 1.

Dec. 9, 1968.

Jenny & Cole, James A. Cole, Union, William A. Moffitt, Jr., St. Louis, for movants-respondents.

Jay White, Rolla, for appellants.

HOUSER, Commissioner.

The state at the relation of the state highway commission filed condemnation proceedings naming the owners of the fee, and the lessee, and Warren E. Dean and wife, who claim to be sublessees of the property, as defendants. The commissioners awarded $78,000 damages without apportionment. The state, the owners and the Deans filed exceptions. These exceptions are still pending and undisposed of. The owners filed a motion for distribution asking for the entire $78,000, denying that any of the other defendants had any right, title or interest in the award. The Deans filed a reply, asserting their interests as sublessees, alleging that an award is not subject to apportionment while exceptions are pending and no final judgment has

been entered, and praying that the motion for distribution be denied. Later the Deans filed a request for a jury trial of certain issues developed by the motion and reply, including the question of apportionment. The trial court denied the request for a jury trial, heard the motion for distribution, found that the Deans had no interest in the property entitling them to any part of the commissioners' award, sustained the motion for distribution, and ordered the entire $78,000 distributed to the owners. The motion of the Deans to set aside the judgment not having been ruled on within 90 days, they appealed to this Court.

Prior to the enactment of Laws of Missouri 1965, p. 660 [S. B. 274] an appeal from an order directing that one of several defendants in a condemnation case take all of the commissioners' award, made while exceptions to the award were still pending and undisposed of, would be dismissed as premature, on the ground that there was no final judgment within the meaning of the law. State ex rel. State Highway Comm. v. Mahon, Mo.App., 350 S.W.2d 111. That enactment introduced a new section [523.053], paragraph 2 of which provides in part as follows: "Any party aggrieved of the determination of interests made by the court [on a motion for distribution] shall have the right of appeal therefrom, and the same shall be considered as a final judgment for such purposes."

Appellants claim that the Supreme Court has jurisdiction because the amount in dispute exceeds $7,500 [sic] (properly $15,000). They take the position that the amount of the award ($78,000) is the amount in dispute. The amount of the award is not the amount in dispute. Appellants are not claiming the entire amount of the award. They concede that the heirs of W. E. Reed, Deceased, are the owners of the fee simple title to the property; that the fee owners are entitled to their part on a

proper apportionment of the award. They claim to be bona fide lessees and that as such they are entitled on apportionment to *part* of the award. At no place in these proceedings, however, do appellants state what they claim as their damages, or what the value of their interest in the real estate or the award is, or what part of the award they seek. In their reply they merely state that as a tenant or lessee of condemned real property they are entitled to "an apportionment" of the commissioners' award, without stating how much or what percentage they are entitled to. In their written request for jury trial appellants state that the issues of fact which they wish to submit to a jury include "the damage" sustained by them by the condemnation, and "the apportionment" of the jury verdict to be rendered for the taking of the property as between appellants and the owners of the fee, without stating what that apportionment should be. In their brief appellants make the point that a lessee or sublessee is entitled to apportionment of a commissioners' award in a condemnation case and that lessees are entitled to an allowance, for the value of the unexpired term of their lease, "based on the value of lease over rentals"—"present worth of bonus value." Appellants do not, however, state the amount of their damages; they do not fix the bonus value, or assign a figure or a percentage A thorough search of the transcript reveals that no evidence was introduced bearing on the question of damages, or the value of the alleged leasehold interest in the property, or in any way appertaining to the question now before us In an appeal by a lessee from a judgment in a condemnation case finding that a lease has no value, in order for the Supreme Court to have jurisdiction on the basis of the amount in dispute, "it should affirmatively appear in the record, with certainty, that the amount in dispute, independent of all contingencies, exceeds said sum of $15,000 before it may be said that we have appellate jurisdiction because of the amount in dispute." State ex rel. State Highway Comm. v. Mahon, Mo.Sup., 343 S.W.2d 165, 167 [1]. This record does not disclose that the amount in dispute is more than $15,000 and we, therefore, do not have jurisdiction on that ground.

■ Appellants further claim that the Supreme Court has jurisdiction "for the reason that there is an issue involving construction of the right to a jury trial as provided by the laws of Missouri, the Constitution of Missouri, and the United States Constitution." As indicated, appellants filed a written request for a jury trial of the issues raised on the motion for distribution, and the court denied the request. Appellants, who were bound to raise the constitutional question at the first opportunity in order to preserve it for appellate review, did not do so when the court denied their request for a jury. In their motion for new trial they complained that the court erred in denying their request for a jury trial, but did not place their claim on constitutional grounds or cite any provision of the constitution. The failure of litigant to present a constitutional question to the trial court in the motion for new trial disentitles him to an appellate review of the question, as ruled in Rowden v. Amick, Mo.Sup., 434 S.W.2d 550, handed down concurrently herewith.

No other ground for the exercise of our jurisdiction appearing, the cause is transferred to the Springfield Court of Appeals.

WELBORN and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.